**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

FRED JEFFERS,                                    )
                                                 )
      Plaintiff,                            )
                                                 )
v.                                               )          No.  2:16-cv-01931-DCN
                                                 )
DYNAMIC RECOVERY SOLUTIONS, LLC, )
                                                 )
      Defendant.                            )

## PLAINTIFF'S COMPLAINT

Plaintiff, FRED JEFFERS ("Plaintiff"), through his attorney, Chauntel D. Bland, Esquire, alleges the following against Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, *et seq.* ("TCPA").

3. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that

1

"[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.

2

8.  Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

9.  This Court has federal question jurisdiction over Plaintiff's TCPA claim because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

10. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

11. Plaintiff is a natural person residing in Charleston, Charleston County, South Carolina.

12. Plaintiff is a consumer as that term is defined by the FDCPA.

13. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

14. Defendant is a debt collector as that term is defined by the FDCPA.

15. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

16. Defendant is, and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

17. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

18. Defendant is a collection agency headquartered in Greenville, South Carolina.

19. Defendant is a business entity engaged in the collection of debt within the State of South Carolina.

20. Plaintiff alleges that at all times relevant herein Defendant conducted business in the

3

State of South Carolina and in the County of Charleston, and within this judicial district.

21. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

22. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

23. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

24. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

25. As noted above, in 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

26. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."Specifically, the plain language of section 227(b)(l)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

27. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are

4

charged for incoming calls whether they pay in advance or after the minutes are used.

28. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

29. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.

    a. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.,* 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011) (emphasis original).

## FACTUAL ALLEGATIONS

30. Within four years of Plaintiff filing this Complaint, Defendant communicated with Plaintiff regarding a consumer debt account ("Account").

31. Within four years of Plaintiff filing this Complaint, Defendant began to utilize Plaintiff's cellular telephone number, ending in 6547, to place repeated calls to Plaintiff pertaining to the Account.

32. Within four years of Plaintiff filing this Complaint, Defendant has called Plaintiff on his cellular telephone with pre-recorded messages.

33. Defendant calls Plaintiff from the telephone number 910-816-0663, which is one of

Defendant's telephone numbers.

34. Each time Plaintiff answers a call from Defendant, there is an automated message and then Plaintiff is connected to a live person.

35. When Plaintiff answers calls from Defendant, Defendant's collectors refused to tell Plaintiff that they were calling from DYNAMIC RECOVERY SOLUTIONS, LLC.

36. Defendant's collectors who spoke with Plaintiff were working within the scope of their employment when communicating with Plaintiff in an attempt to collect a debt.

37. Defendant's collectors are familiar with the FDCPA.

38. Defendant's collectors know the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

39. On or around March 8, 2015, Plaintiff received a collection call from Defendant and then called Defendant back and spoke to one of Defendant's collectors.

40. During the aforementioned conversation, Defendant told Plaintiff that his telephone number was not in their system or on their list.

41. During the aforementioned conversation, Plaintiff told Defendant to stop calling him.

42. Each time Plaintiff has been able to connect to a live representative of Defendant, Plaintiff has told them to stop calling him.

43. Despite multiple requests, Defendant continues to place repeated collections calls to Plaintiff's cellular telephone regarding the Account.

44. Defendant calls Plaintiff at an annoying and harassing rate, calling Plaintiff approximately once every week.

45. Defendant made numerous telephone calls to Plaintiff's cellular telephone. The telephone numbers that Defendant used to contact Plaintiff with an "automatic

telephone dialing system," were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(l)(A)(iii).

46. The calls Defendant placed to Plaintiff's cellular telephone were placed using an automatic telephone dialing system.

47. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated calls to Plaintiff.

48. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

49. Defendant frequently uses skip-tracing services to locate telephone numbers used by consumers whom Defendant wishes to call.

50. Defendant's calls are placed to telephone numbers assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

51. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

52. Plaintiff is not a customer of Defendant's services, and has never provided his cellular telephone number to Defendant for any purpose whatsoever.

53. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

54. Even if Defendant received Plaintiff's "prior express consent" to receive calls using an

automatic telephone dialing system or an artificial or prerecorded voice, "prior express consent" was revoked when Plaintiff told Defendant to stop calling him.

55. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

56. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

57. Defendant violated the FDCPA based on the following:

a.  Defendant violated §1692b(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant failed to identify itself as DYNAMIC RECOVERY SOLUTIONS, LLC when communicating with Plaintiff in an attempt to collect the alleged debt;

b.  Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to place collection calls to Plaintiff after Plaintiff told Defendant to stop calling him; and

c.  Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant continued to place repeated collection calls to Plaintiff after Plaintiff told Defendant to stop calling him.

WHEREFORE, Plaintiff, FRED JEFFERS, respectfully requests judgment be entered

8

against Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC, for the following:

58. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

59. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

60. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

61. Plaintiff repeats and re-alleges paragraphs 1-56 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

62. Defendant made unsolicited commercial phone calls to the wireless telephone numbers of Plaintiff using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, *as* evidenced by the pre-recorded nature of the calls.

63. These phone calls were made without the prior express consent of Plaintiff.

64. Defendant's conduct therefore violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

   WHEREFORE, Plaintiff, FRED JEFFERS, respectfully requests judgment be entered against Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC, for the following:

65. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47

U.S.C. 227(b)(3)(B).

66. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

67. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

68. Any other relief that this Honorable Court deems appropriate.

Dated: June 14, 2016

RESPECTFULLY SUBMITTED,

By: _/s/Chauntel D. Bland,_____
       Chauntel D. Bland, Esquire
       463 Regency Park Drive
       Columbia, SC 29210
       Tel: (803) 319-6262
       Fax: (866) 322-6815
       chauntel.bland@yahoo.com